**EXHIBIT**

**A**

Electronically Filed - Cole Circuit - March 01, 2021 - 05:35 PM

**IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**

| | |
|---|---|
| TAD MAYFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| THE MISSOURI HOUSE OF REPRESENTATIVES, | ) |
| Serve: | ) |
| Dana Rademan Miller | ) |
| 201 West Capitol Ave, Room 310 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| ELIJAH HAAHR, in his individual capacity | ) |
| Serve: | ) |
| 300 S John Q Hammons Pkwy #800 | ) |
| Springfield, MO 65806 | ) |
| | ) |
| DANA RADEMAN MILLER, in her individual capacity | ) |
| Serve: | ) |
| 201 West Capitol Ave, Room 310 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| JUDY KEMPKER, in her individual capacity | ) |
| Serve: | ) |
| 201 West Capitol Ave, Room 310 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| EMILY WHITE, in her individual capacity | ) |
| Serve: | ) |
| 201 West Capitol Ave, Room 310 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff Tad Mayfield ("Plaintiff"), by and through undersigned counsel,

and for his Petition in violation of 42 U.S.C. §1983 against Elijah Haahr ("Haahr"), Dana

Rademan Miller ("Miller"), Judy Kempker ("Kempker"), and Emily White ("White")

(collectively, "§1983 Defendants") and for his Petition in violation of R.S.Mo. §105.055, et. seq.

1

against The Missouri House of Representatives ("House"), states as follows:

## PARTIES

1.     Plaintiff is and, at all times relevant to this complaint, a citizen and resident of Cole County, Missouri.

2.     Defendant Haahr was at all times relevant to this case an individual who served as Speaker of the House of the Missouri House of Representatives possessing supervising authority over plaintiff and responsible for all personnel decisions complained of herein.

3.     In October 2018, when he was Speaker-designee Haahr, he made the final decision to select Miller as Chief Clerk

4.     Defendant Miller is and was at all times relevant to this case an individual who served as Chief Clerk and House Administrator of the House possessing supervisory authority over plaintiff and was responsible for all personnel decisions complained of herein.

5.     As Chief Clerk, Miller works under the direction of the Speaker of the House.

6.     Defendant Kempker is and was at all times relevant to this case an individual who served as Human Resources Director for the House possessing supervisory authority over plaintiff and was responsible for all personnel decisions complained of herein.

7.     Defendant White is and was at all times relevant to this case an individual who served as Assistant Chief Clerk for the House possessing supervisory authority over plaintiff and was responsible for all personnel decisions complained of herein.

8.     The §1983 Defendants were, at all relevant times, individuals acting under color of state law who may be sued in their individual capacities pursuant to 42 U.S.C. § 1983.

9.     Defendant House is the lower chamber of the legislative branch of the State of Missouri that is duly organized, established, and existing under and by virtue of the laws of the

2

State of Missouri, with its principal place of business located at 201 West Capitol Avenue, Jefferson City, MO 65101.

10.     Defendant House is organized and exists under the laws of the state of Missouri.

11.     Defendant House is a public employer within the meaning of R.S.Mo. § 105.055 1(3).

12.     Plaintiff was, at all times relevant herein, a public employee within the meaning of R.S.Mo. § 105.055 1(2).

13.     At all times relevant herein, before and after, the individual actors named herein, including but not limited to the §1983 Defendants, were agents, servants, and employees of Defendant House and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant House. Therefore, Defendant House is liable for the actions of said persons under R.S.Mo. §105.055, et. seq.

**JURISDICTION**

14.     The §1983 Defendants are subject to the general jurisdiction of Missouri courts as they are Missouri citizens.

15.     Defendant House is subject to the general jurisdiction of Missouri courts.

16.     This Court has concurrent jurisdiction over the §1983 claims. *See Patsy v. Board of Regents of Fla.*, 457 U. S. 496 (1982)

**VENUE**

17.     This action properly lies in the Circuit Court of Cole County, Missouri, pursuant to R.S.Mo. § 105.055.7(2) as Plaintiff resides in Cole County.

3

**GENERAL ALLEGATIONS**

**a. The Governor of the State of Missouri issues Executive Orders Regarding COVID-19**

18.     On or about March 13, 2020, the Governor of the State of Missouri issued Executive Order 20-02 declaring a State of Emergency in the State of Missouri to insure the protection of the safety and welfare of the citizens of Missouri due to COVID-19.

19.     As noted in Executive Order 20-02, COVID-19 is highly contagious, and is spread through close contact between persons and respiratory transmission.

20.     On or about April 3, 2020, the Centers for Disease Control and Prevention recommended that Americans wear cloth masks or face coverings in public to prevent the spread of COVID-19.

21.     Executive Order 20-08 was issued by the Governor of the State of Missouri on April 6, 2020, ordering the suspension of the personal appearance requirement for notary publics and authorizing the use of remote electronic notarizations in order to afford Missouri citizens and businesses a secure and safe method by which to execute important legal documents.

22.     On April 24, 2020, the Governor of Missouri extended the state of emergency through June 15, 2020, in Executive Order 20-09.

23.     On June 11, 2020, the Governor of Missouri again extended the state of emergency.

24.     On July 14, 2020, the Centers for Disease Control and Prevention issued a Press Release in which its then Director stated,

> We are not defenseless against COVID-19. Cloth face coverings are one of the most powerful weapons we have to slow and stop the spread of the virus – particularly when used universally within a community setting. All Americans have a responsibility to protect themselves, their families, and their communities.

4

https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html (last visited January 27, 2021).

      25.    As of July 31, 2020, the Centers for Disease Control and Prevention had made the following recommendations to reduce COVID-19 exposure and spread during gatherings and events,

- Cloth Face Coverings
  - Require the use of cloth face coverings among staff. Cloth face coverings are **most** essential in times when physical distancing is difficult (e.g., when moving within a crowd or audience).

https://web.archive.org/web/20200731165032/https://www.cdc.gov/coronavirus/2019ncov/community/large-events/considerations-for-events-gatherings.html (last visited January 27, 2021).

**b. Plaintiff's Employment at the House**

      26.    Plaintiff began employment as a Legislative Assistant on August 29, 2011 with the House.

      27.    On or about December 1, 2015, Plaintiff was Promoted to Legislative Specialist II.

      28.    On March 13, 2020, Plaintiff, along with other employees of the House, was placed on paid administrative leave due to the COVID-19 pandemic.

      29.    On or about March 20, 2020, State Representative Joe Runions tested positive for COVID-19.

      30.    In May 2020, House employees were instructed to fill out an alternative interim work plan form to facilitate working from home. Plaintiff completed the form and was issued a computer. Plaintiff picked up a computer and files and began the alternative interim work plan on May 18, 2020.

      31.    Two employees at the Missouri House of Representatives subsequently tested positive for COVID-19 in July 2020.

5

32.     As of July 28, 2020, the Missouri House of Representatives did not require that its members wear a mask while in the building.

33.     As of July 28, 2020, the Missouri House of Representatives did not require that visitors entering the building wear a mask.

34.     Until January 2021, the Missouri House of Representatives required that members of the public testify before its committees in person.

35.     On July 28, 2020, Plaintiff was contacted via email by his supervisor, Defendant White, to fill out another alternative interim work plan to include one day a week of covering the office with the remaining four days working from home.

36.     The email subject line of the July 28, 2020 email from Ms. White was entitled "Alternative Interim Work Plan adjustment."

37.     Plaintiff responded to the email that same day, copying Defendants Haahr and Miller, stating in relevant part:

6

Anyway, over the past four months I feel Susan and I have become adept at navigating our new reality with very little risk to our health. It is very irritating to see people out in public with no concern for the safety and wellbeing of others. I am happy that a lot of businesses have adopted mandatory face coverings to gain entry. We went inside the first department store (Kohl's) we've been to in five months yesterday, because face coverings were required. I certainly appreciate and want to acknowledge the efforts you have taken to help reduce the risks to us, your staff, by installing the dutch door and plexiglas, as well as, allowing us to lock the office. I assume, since I haven't heard otherwise, that the House is still not requiring face masks in the Capitol? This is disappointing since the single most important thing people can do to help stop the spread of an airborne virus is to wear a face mask; which greatly reduces the amount of germs they leave in the environment around them. This becomes especially important when people can be carriers/spreaders without knowing they have the virus. At the same time, I have guilt over others being required to work in this hostile environment while I have been secure in my home. At the risk of sounding confrontational, which I in no way wish to convey, I think it is important to state unequivocally, by not requiring face coverings, the House has become a hostile work environment. For sure, countries that have mandatory face covering in public have seen great reductions in the spread of covid-19 and, as a result, fewer hospitalizations and death. If face masks were required for everyone in the Capitol, I would see no reason why we all couldn't go back to work with relative safety.

3

38.     Ms. White responded via email the following day, but omitted Haahr from the communication.  In her response to Plaintiff, Ms. White did not address Plaintiff's concerns about the use of masks at the Capitol.

39.     Because Ms. White did not address Plaintiff's concerns about the use of masks at the Capitol, Plaintiff responded as follows:

I understand I am needed at the Capitol as a front-line essential worker supporting the legislative process. Please know I am as eager to get back to the office as anyone and this email is in no way intended to shirk my responsibilities in our office. Susan and I will be making alternative living arrangements in order for me to comply with your request and fulfill my responsibilities. However, I feel ethically and morally obligated to express my concerns for not only my own safety and the safety of my family, but, for the safety of all who enter the Capitol. As my supervisor, I am requesting your guidance as to whom I should contact in order to address my concerns about the safety of our work environment. My belief is that in order to ensure the safest work environment possible during this time, masks should be mandated in the Capitol.

Electronically Filed - Cole Circuit - March 01, 2021 - 05:35 PM

40.    White responded to the email by advising Plaintiff that he should discuss his concerns with Miller.

41.    Before reaching out to Miller, Plaintiff emailed Defendant Kempker forwarding the "Alternative Interim Work Plan adjustment" email string regarding concerns about the use of masks at the Capitol, but received no response.

42.    On July 31, 2020, Plaintiff sent an email to Miller about concerns about the use of masks at the Capitol.

43.    Miller responded with information about the steps being taken, but thar she could not address Plaintiff's specific requests that masks be worn for the safety of the public and himself.

44.    On August 3, 2020, Plaintiff then sent an email to Haahr and President Pro Tem Dave Schatz of the Senate, stating,

I am writing to you because I feel an ethical and moral obligation to do so. We are living in unprecedented times that requires, likewise, unprecedented actions and decisions from the leadership and citizens of our state. Those actions and decisions, or lack thereof, will be recorded in history as either appropriate measures that helped save lives, or inappropriate and resulted in an increase in lives lost.

Businesses, cities, and states across this great nation have heeded the CDC's warnings and implemented a number of measures designed to slow/stop the spread of COVID-19, including mandatory face coverings, if we are to continue in our efforts to reopen the economy and get people back to work. I am grateful the Missouri House of Representatives has implemented some of the same measures in an attempt to protect Members, staff, and visitors to our Capitol. Unfortunately, as of yet, the decision to require face coverings in the chambers and public spaces in our Capitol has not been made, leaving all who enter our Capitol at greater risk of contracting COVID-19, and ultimately, negates any benefit received by the measures that have been implemented.

It is important to consider, Members from every district in this state are convening in our chambers and then returning to their respective communities to continue campaigning and holding fundraisers for their reelection bids, or assisting in the election of their successors. It compounds an already serious health crisis for Members to unknowingly contract or transmit COVID-19, due to the lack of a mask mandate in

our Capitol, and then return home to unknowingly transmit it to their constituents. All this while hundreds if not thousands of new cases are reported in our state every day.

For the health and well-being of all who enter our Capitol, I am requesting that you, as leadership in the House and Senate, adhere to CDC guidelines and implement a mandatory face mask policy for all spaces within our Capitol, excluding the personal office spaces of Members.

With all due respect and for the safety of all Missourians,

     45.    The emails and communications above are a subject of general interest and of value and concern to the public.

46.     After Plaintiff sent the email to Haahr and Schatz, he received a text message that was mistakenly sent to him from Miller that was supposed to be sent to Kenny (a member of the Speaker's staff). It read, "When you get a chance, check your email. Tad sent Elijah and Dave Schatz an email." This text was followed immediately by a text from Miller saying, "Sorry Tad, that was meant for Kenny. He needs to read your request as Elijah does not read his own email."

47.     Plaintiff responded with, "No problem. (smiling emoji)." Miller then sent Plaintiff a thumbs up.

48.     After a reasonable opportunity for further investigation and/or discovery, there will likely be evidentiary support demonstrating that Haahr contacted Miller and instructed her to terminate Plaintiff.

49.     On or about August 5, 2020, Plaintiff received an email from White indicating she and Miller wanted to have a conference call with Plaintiff at 9:30 the next morning.

50.     On or about August 6, 2020, Plaintiff, White, Miller, and Bryan Scheiderer participated in a conference call.

51.     During the conference call, Plaintiff was told by Miller that he could submit a resignation in lieu of termination but that his employment was ending for alleged poor performance.

52.     Plaintiff denied the request to resign and was terminated for alleged poor performance.

53.     All of the actions or inactions of the §1983 defendants described herein were accomplished within the course and scope of §1983 defendants' individual capacities.

54.     All of the conduct of §1983 defendants occurred under color of state law, and constituted state action for constitutional purposes.

10

55.     Since at least 1993, Mo.Rev.Stat. §105.055 has prohibited any disciplinary action against public employees for reporting a substantial and specific danger to public health or safety.

56.     Since at least 1993, Mo.Rev.Stat. §105.055 has required that a copy of the statute be posted in locations where it can reasonably be expected to come to the attention of all employees.

57.     Terminating a public employee for reporting a danger to public health or safety violates clearly established statutory or constitutional rights of which reasonable Missouri officials would have known.

58.     The actions of the §1983 defendants were administrative rather than legislative in nature.

## Count I
## 42 U.S.C. §1983
### (Against Haahr, Rademan Miller, Kempker and White)

59.     Plaintiff hereby incorporates by reference each and every allegation and averment set forth in his General Allegations as though fully set forth herein.

60.     At various times, up to and including August 6, 2020, Plaintiff exercised his rights guaranteed by the First Amendment by speaking out before all of the Defendants upon matters of public concern.

61.     Defendants, and each of them, acting under color of state law, intentionally, deliberately and knowingly retaliated against Plaintiff for the exercise of rights protected by the First Amendment to the Constitution of the United States, and the guarantees of 42 U.S.C. § 1983.

62.     The acts of Defendants, and each of them, were intentionally designed to deprive

11

Plaintiff of his employment, to violate his constitutional rights, to expose him to public ridicule, and to injure his reputation and character.

63.     The actions of the Defendants and each of them, were taken with reckless disregard to the federally protected rights of the Plaintiff, entitling Plaintiff to an award of punitive damages in order to punish these Defendants, and each of them, and in order to deter such conduct in the future by these Defendants and by others.

64.     As a foreseeable and proximate consequence of Defendants' actions, Plaintiff has suffered and will continue to suffer loss of earnings, fringe benefits, reduced retirement benefits, embarrassment, and humiliation, loss of self-worth and other emotional pain and suffering.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, in the following particulars:

(a)     Issue an order directing Defendants to reinstate Plaintiff to his former position;

(c)     Issue an order directing Defendants to remove all references in Plaintiff's personnel file to his improper termination;

(d)     Award compensatory damages to the Plaintiff in an amount to be determined by a jury;

(e)     Award punitive damages against the individual Defendants in an amount to be determined by a jury; and

(f)     Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

**Count II**
**R.S.Mo.§ 105.055.7**
**(Against Defendant House)**

65.     Plaintiff hereby incorporates by reference all prior paragraphs of this Petition.

66.     Plaintiff is a "public employee" under R.S.Mo. § 105.055.1(2).

67.     Defendant is "public employer" under R.S.Mo. § 105.055.1(3).

68.     Plaintiff reported reasonably believed that the failure to mandate mask wearing

12

in the House was a substantial and specific danger to public health or safety.

69.     Plaintiff was subjected to "disciplinary action" by Defendant, as contemplated by R.S.Mo. § 105.055.1(1) and 105.055.3 by, among other things, being dismissed from employment.

70.     Plaintiff has been damaged by Defendants' actions, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

71.     Pursuant to R.S.Mo. § 105.055.7, Plaintiff has the right to bring a civil action for damages, which he is doing herein.

Wherefore, Plaintiff prays that this Court:

a.      Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b.      Award Plaintiff actual damages;

c.      Award Plaintiff damages for emotional pain and suffering;

d.      Award Plaintiff his costs and attorneys' fees; and

e.      Grant such other relief as it may deem just and proper

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all matters raised in this Complaint.

HOLMAN SCHIAVONE, LLC

By:   /s/Kirk D. Holman
      Kirk D. Holman,      MO Bar# 50715
      4600 Madison Avenue, Suite 810
      Kansas City, Missouri 64112
      Telephone: 816.283.8738
      Facsimile: 816.283.8739
      Email: kholman@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

13

Electronically Filed - Cole Circuit - March 01, 2021 - 05:35 PM

**IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**

Tad Mayfield )
)
     Plaintiff, )
)
v. )   Case No.
)
The Missouri House of Representatives, )   **JURY TRIAL DEMANDED**
Serve: )
Dana Rademan Miller )
201 West Capitol Ave., Room 310 )
Jefferson City, Missouri 65101 )
)
Elijah Haahr, in his individual capacity )
Serve: )
300 S. John Q. Hammons Parkway, #800 )
Springfield, Missouri 65806 )
)
Dana Rademan Miller, in her individual )
  capacity )
Serve: )
201 West Capitol Ave., Room 310 )
Jefferson City, Missouri 65101 )
)
Judy Kempker, in her individual capacity )
Serve: )
201 West Capitol Ave., Room 310 )
Jefferson City, Missouri 65101 )
)
Emily White, in her individual capacity )
Serve: )
201 West Capitol Ave., Room 310 )
Jefferson City, Missouri 65101 )
)

**REQUEST FOR ISSUANCE OF SUMMONS**

To:   Clerk of the Circuit Court

     The Clerk of the Circuit Court will issue five (5) Summons in the above-entitled action for

the following:

**The Missouri House of Representatives**
c/o Dana Rademan Miller
201 West Capitol Ave., Room 310
Jefferson City, Missouri 65101

**Elijah Haahr, in his individual capacity**
300 S. John Q. Hammons PKWY, #800
Springfield, Missouri 65806

**Dana Rademan Miller, in her individual capacity**
201 West Capitol Ave., Room 310
Jefferson City, Missouri 65101

**Judy Kempker, in her individual capacity**
201 West Capitol Ave., Room 310
Jefferson City, Missouri 65101

**Emily White, in her individual capacity**
201 West Capitol Ave., Room 310
Jefferson City, Missouri 65101

___X___ Personal/residential service by Special Process Server.

Respectfully Submitted,

**Holman Schiavone, LLC**

By:___*/s/ Kirk D. Holman*_____
        Kirk D. Holman, MO Bar# 50715
        4600 Madison Avenue, Suite 810
        Kansas City, Missouri 64112
        Office: 816.283.8738
        Facsimile: 816.283.8739
        Email: Kholman@hslawllc.com

        **ATTORNEYS FOR PLAINTIFF**



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>COTTON WALKER | Case Number: 21AC-CC00074 |
|---|---|
| Plaintiff/Petitioner:<br>TAD MAYFIELD | Plaintiff's/Petitioner's Attorney/Address<br>KIRK D HOLMAN<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| vs.<br>Defendant/Respondent:<br>THE MISSOURI HOUSE OF<br>REPRESENTATIVES | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **ELIJAH HAAHR**
           **Alias:**

**300 S. JOHN Q. HAMMONS PKWY**
**# 800**
**SPRINGFIELD, MO 65806**
   *COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

   *COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____
      *Wednesday, March 03, 2021*
          Date
                                               by sb

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
   Printed Name of Sheriff or Server           Signature of Sheriff or Server
         **Must be sworn before a notary public if not served by an authorized officer:**

         Subscribed and sworn to before me on _____ (date).

*(Seal)*

         My commission expires: _____    _____
                         Date                         Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-117**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:21-cv-04059-MDH   Document 1-1   Filed 03/23/21   Page 17 of 28



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>COTTON WALKER | Case Number: 21AC-CC00074 |
| Plaintiff/Petitioner:<br>TAD MAYFIELD | Plaintiff's/Petitioner's Attorney/Address<br>KIRK D HOLMAN<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>THE MISSOURI HOUSE OF<br>REPRESENTATIVES | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **EMILY WHITE**
**Alias:**

**201 WEST CAPITOL AVENUE**
**ROOM 310**
**JEFFERSON CITY, MO 65101**
*COURT SEAL OF*

*COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____
*Wednesday, March 03, 2021*
Date

_____
*by sb*

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-116**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:21-cv-04059-MDH   Document 1-1   Filed 03/23/21   Page 19 of 28



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>COTTON WALKER | Case Number: 21AC-CC00074 |
|---|---|
| Plaintiff/Petitioner:<br>TAD MAYFIELD | Plaintiff's/Petitioner's Attorney/Address<br>KIRK D HOLMAN<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>THE MISSOURI HOUSE OF<br>REPRESENTATIVES | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JUDY KEMPKER
Alias:

**201 WEST CAPITOL AVENUE
ROOM 310
JEFFERSON CITY, MO 65101**
*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*COLE COUNTY*

_____
*Wednesday, March 03, 2021*
Date

_____
by sb

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-115**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:21-cv-04059-MDH   Document 1-1   Filed 03/23/21   Page 21 of 28



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>COTTON WALKER | Case Number: 21AC-CC00074 |
|---|---|
| Plaintiff/Petitioner:<br>TAD MAYFIELD | Plaintiff's/Petitioner's Attorney/Address<br>KIRK D HOLMAN<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>THE MISSOURI HOUSE OF<br>REPRESENTATIVES | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** DANA RADEMAN MILLER
Alias:

201 WEST CAPITOL AVENUE
ROOM 310
JEFFERSON CITY, MO 65101
*COURT SEAL OF*

*COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____ *Wednesday, March 03, 2021* _____       _____
Date                                              *Clerk*                *by sb*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____       _____
Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-114**       1 of 1       Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:21-cv-04059-MDH   Document 1-1   Filed 03/23/21   Page 23 of 28



**IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>COTTON WALKER | Case Number: 21AC-CC00074 |
| Plaintiff/Petitioner:<br>TAD MAYFIELD | Plaintiff's/Petitioner's Attorney/Address<br>KIRK D HOLMAN<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>THE MISSOURI HOUSE OF<br>REPRESENTATIVES | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: THE MISSOURI HOUSE OF REPRESENTATIVES
Alias:

C/O DANA RADEMAN MILLER
201 WEST CAPITOL AVE
ROOM 310
JEFFERSON CITY, MO 65101
*COURT SEAL OF*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____Wednesday, March 03, 2021_____     _____
                Date                                                          by sb

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                      Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-113**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:21-cv-04059-MDH   Document 1-1   Filed 03/23/21   Page 25 of 28

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| TAD MAYFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21AC-CC00074 |
| | ) | |
| THE MISSOURI HOUSE OF | ) | |
| REPRESENTATIVES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGEMENT OF SERVICE

I, Mark Blanton, attorney for Defendants in the above-captioned action, hereby acknowledge that I have accepted service of Plaintiff's Petition for Damages this 19th day of March, 2021 on behalf of Defendants Haahr, Kempker, Miller, White, and the Missouri House of Representatives.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Mark Blanton*
Mark Blanton
Missouri Bar No. 71791
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Phone: (573)751-8108
Fax: (573)751-9456
Email: mark.blanton@ago.mo.gov
**ATTORNEY FOR DEFENDANTS**
1

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Mark Blanton
Assistant Attorney General

2