IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TAD MAYFIELD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:21-cv-04059-MDH |
| EMILY WHITE and DANA RADEMAN MILLER | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff Tad Mayfield's ("Plaintiff's") and Defendants Emily White and Dana Rademan Miller's ("Defendants'") Motions in Limine. (Docs. 77, 78, 83). Plaintiff responded to Defendant's Motions in Limine (Doc. 79). The Court held a pretrial conference November 3, 2022, including on-the-record discussion of Parties' Motions in Limine. This matter is set for trial November 15, 2022. For reasons herein, Parties' Motions in Limine are **SUSTAINED IN PART AND DENIED IN PART**.

## DISCUSSION

### I. Plaintiff's Motions in Limine

#### a. Reference to Dismissed Co-Defendants

Plaintiff moves this Court to exclude evidence showing the Missouri House of Representatives, Elijah Haar, and Judy Kempker were dismissed from this lawsuit, though Plaintiff's complaint initially included these parties as defendants. Defendants filed no written objection to Plaintiff's Motion in Limine, nor did Plaintiff object orally on the record. Evidence of co-defendants' prior dismissal from this action

fails to make a fact of consequence more or less likely and poses risk of prejudice. Plaintiff's first Motion in Limine is therefore **SUSTAINED**.

### b. Evidentiary Testimony of Witnesses not Listed in Defendant's Rule 26 Disclosure

Plaintiff moves this Court to exclude evidentiary testimony of potential witnesses not listed in Defendants' Rule 26 disclosures. While Defendants did not object in writing or orally to this specific Motion in Limine, Defendants did orally object to exclusion of testimony from Marilyn Seaton, Plaintiff's former co-worker and the subject of Plaintiff's third Motion in Limine. Plaintiff asserts, and Defendants do not contest, Marilyn Seaton is not included in Defendants' Rule 26 disclosures. Plaintiff contends, and Defendants do not contest, Defendants deposed Marilyn Seaton. Pursuant to Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Accordingly, this Court **SUSTAINS** Plaintiff's second Motion in Limine.

### c. Testimony from Marilyn Seaton About Plaintiff's Performance

Should this Court allow evidentiary testimony from Marilyn Seaton, Plaintiff moves this court to nonetheless exclude testimony about Plaintiff's work performance. Plaintiff argues such testimony is irrelevant for two reasons. First, courts have generally held co-workers' opinions of another co-worker are generally irrelevant. Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000) ("alleged opinions of [Plaintiff's former] co-workers…'close to irrelevant') (citation omitted). Second, because Marilyn Seaton testified during deposition that she never informed any supervisor about her negative opinion of Plaintiff's work performance, indicating Marilyn Seaton's opinion could not have formed a basis for Plaintiff's termination. *McKennon v. Nashville Banner Pub. Co*., 513 U.S. 352, 360 (1995) ("employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason."). Though Defendants failed to object in writing, Defendants appeared to object

orally. Defendants, however, failed to articulate how such testimony would be relevant, given Marilyn Seaton's deposition testimony that she failed to inform Defendants of her opinion. Any testimony from Marilyn Seaton about Plaintiff's work performance would be irrelevant to matter at issue. This Court **SUSTAINS** Plaintiff's third Motion in Limine.

### d. Evidence or Argument About Effect on Taxes

Plaintiff moves this Court to exclude any reference from Defendants about any impact on taxes of a verdict in favor of Plaintiff, based on Federal Rules of Evidence 401 and 403. Defendants do not object. Plaintiff's fourth Motion in Limine is **SUSTAINED**.

### e. Any Suggestion, Implication, or Argument Taping Without Consent is Illegal

Plaintiff moves this Court to exclude any suggestion, implication, or argument his taping a conversation without consent of other participants may be illegal under Missouri law, given Missouri statute allowing such recordings. Defendants do not object. Plaintiff's fifth Motion in Limine is **SUSTAINED**.

### f. Any Suggestion, Implication, or Argument About Plaintiff's Abandoned Claims with MCHR and OSHA

Plaintiff moves this Court to exclude any suggestion, implication, or argument about Plaintiff's abandoned claims with the Missouri Commission on Human Rights and the Occupational Safety and Health Administration. Plaintiff argues such a reference is irrelevant and risks unfair prejudice and confusion. Defendants do not object. Plaintiff's sixth Motion in Limine is **SUSTAINED**.

### g. Evidence About When Plaintiff Obtained Counsel

Plaintiff argues any evidence about when Plaintiff obtained counsel should be excluded, as prejudicial effect will greatly outweigh probative value. Defendants do not object. Plaintiff's seventh Motion in Limine is **SUSTAINED**.

### h. Evidence About Job Performance or Termination at Prior Employers

Plaintiff moves this Court to exclude any evidence of Plaintiff's job performance or termination with prior employers based on 404(a)'s ban on propensity evidence. Defendants do not object. Plaintiff's eighth Motion in Limine is **SUSTAINED**.

## II. Defendants' Motions in Limine

### a. Evidence of the Financial Disparity of Parties or Source of Any Award

Defendants move this Court to exclude any evidence of financial disparity between the parties in this matter or the source of any award for damages. Defendants argue this evidence is irrelevant and would unfairly prejudice Defendants and confuse the jury. Plaintiff does not object, unless Defendants should "open the door" to this evidence. Defendants first Motion in Limine is **SUSTAINED**.

### b. Testimony Regarding Discovery Disputes or Any Disparaging Remarks About the Attorney General's Office or Elected or Appointed Official

Defendants move this Court to exclude any reference to discovery disputes and any disparaging remark about the Missouri Attorney General's office or elected and appointed officials. Plaintiff does not object. Defendants' second Motion in Limine is **SUSTAINED**.

### c. Attorney-Client Protected Communication

Defendants move this Court to exclude any communication protected by attorney-client privilege. Plaintiff does not object. Defendants' third Motion in Limine is **SUSTAINED**.

### d. Lay Testimony Offered by Plaintiff or Any Other Non-Medical or Health Professional Concerning Any Causation, Diagnosis, or Prognosis of Any Alleged Medical or Mental Health Condition

Defendants move this Court to exclude any testimony from laypeople including Plaintiff about causation, diagnosis, or prognosis of any alleged medical or mental health condition. Defendants argue testimony about causation, diagnosis, or prognosis of bodily injury, bruising, wounds, physical pain, or

emotional pain and suffering requires expert rather than lay testimony. "'When the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony.'" *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (*citing Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir.2000)). Plaintiff responds, seeming to argue emotional pain is not the type of injury requiring expert evidence when such pain forms the basis of a request for compensatory damages. "While [mental suffering and emotional anguish] are essentially subjective, they may be evidenced by the plaintiff's conduct and observed by others." *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997). Plaintiff's fourth Motion is **SUSTAINED** to the extent Plaintiff intends to testify about any "sophisticated injury". However, Plaintiff may testify to any alleged mental anguish or suffering.

Finally, the parties are reminded that these rulings are interlocutory. See Walzer v. St. Joseph State Hosp., 231 F.3d 1108, 1113 (8th Cir. 2000) ("Where a trial judge reserves the right to change her pretrial ruling or guidance on an evidentiary issue during trial, the pretrial ruling is unappealable."). The parties are encouraged to reassert their objections at trial if they deem it appropriate to do so. Id. ("Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial.").

**IT IS SO ORDERED.**

DATED: November 10, 2022

                ___/s/ Douglas Harpool_____
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**