# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

TAD MAYFIELD,               )
                              )
           Plaintiff,        )
                              )
v.                              )     Case No.  2:21-CV-04059-MDH
                              )
DANA RADEMAN MILLER, et al.,   )
                              )
          Defendants.      )

## ORDER

Before this Court is Defendants' Renewed Motion for Judgment as a Matter of Law in a Jury Trial. Defendants ask this Court to enter a judgment in their favor as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). The motion has been fully briefed and is ripe for review. For reasons herein, Defendants' Motion is **DENIED**.

## BACKGROUND

Following a two-day trial, a jury returned a verdict in favor of Plaintiff. (Doc. 116). Plaintiff was awarded $14,993.93 in actual damages, $10,000 in punitive damages from Defendant Rademan Miller, and $5,000 in punitive damages from Defendant White. (Doc. 117). Defendants now renew their motion for judgment as a matter of law. This Court previously denied a similar oral motion Defendants made during trial. Defendants contend generally that judgment as a matter of law is appropriate because: 1) Plaintiff failed to establish a First Amendment claim; 2) Defendants were entitled to qualified immunity; and 3) inclusion of the punitive damages instruction was unwarranted. (Doc. 126).

1

**STANDARD**

Pursuant to Fed. R. Civ. P. 50(b), "[j]udgment as a matter of law is only appropriate when no reasonable jury could have found for the moving party." *Southern Wine & Spirits of Nevada v. Mountain Valley Spring Co., LLC.*, 646 F.3d 526, 533 (8th Cir. 2011) ("In our analysis, we may not weigh the credibility of evidence, and conflicts in the evidence must be resolved in favor of the verdict.") (citations omitted). Overturning a jury verdict is a rare and disfavored action taken in only narrow circumstances. *Hathaway v. Runyon*, 132 F.3d 1214, 1220 (8th Cir. 1997). "It is improper to overturn a jury verdict unless, after giving the nonmoving party the benefit of all reasonable inferences and resolving all conflicts in the evidence in the nonmoving party's favor, there still exists a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1029 (8th Cir. 2002) (citations omitted).

**ARGUMENT**

**I.     Plaintiff established a First Amendment retaliation claim**

Defendants first argue that Plaintiff's speech failed to relate to a matter of public concern. As this Court previously found as a matter of law, however, Plaintiff's August 3, 2020 email involves a matter of public concern and is therefore protected. (Doc. 68). Plaintiff's August 3 email sought a mask mandate to keep Capitol visitors safe and lower the spread of COVID-19. Plaintiff's August 3 email specifically referenced a perceived moral and ethical obligation to speak up and cited as motivation the health and well-being of Capitol visitors. The August 3 email lacks reference to concern personal to Plaintiff's own life, work, and health. That Plaintiff sent this email from his official work email address during normal business hours, does not suggest the message does not involve issues of public concern.

Defendants next argue that, even if Plaintiff's speech involved a matter of public concern, the Supreme Court's opinion *Connick* and related cases entitle Defendants to judgment as a matter of law because Plaintiff's speech would necessarily and substantially impact the functioning of the Missouri House of Representatives, Plaintiff's former employer. *See Connick v. Myers*, 461 U.S. 138, 151 (1983) (state employers have some discretion to limit employees' speech on matters of public concern when such speech impairs efficiency of the government office). Plaintiff in response contends that *Connick* and related cases remain inapplicable since Defendants have made clear that Plaintiff's August 3 email played no role whatsoever in terminating Plaintiff's employment. "There is no need to resort to *Pickering* because Defendants did not seek to admit this evidence to establish that it fired [Plaintiff] because the email would create disharmony." (Doc. 134 at 8). Defendants then argue the issue of whether Plaintiff's speech disrupted operations is still relevant, despite Defendants' theory of the case, because Defendants are entitled to argue various defenses, no matter how inconsistent and illogical they may be. (Doc. 140 at 6). In support, Defendants cite Fed. R. Civ. P. 8(d)(3), which deals generally with construction of pleadings. (Doc. 140 at 6).

Defendants' position makes no sense. Defendants' Motion for Summary Judgment did not argue that Plaintiff's August 3 email would or did substantially impact the efficient operation of the Missouri House of Representatives. Defendants' express theory of the case during trial was that Plaintiff's August 3 email played no role whatsoever in Plaintiff's termination. (Doc. 123 at 77-78). Defendants are of course correct that they are not, by law, automatically precluded from pleading inconsistent defenses. Defendants nonetheless cannot argue during trial that Plaintiff's August 3 email played no part in his termination whatsoever, while simultaneously arguing Plaintiff's termination was justified because the August 3 email was disruptive to Plaintiff's

3

employer. Such positions are mutually exclusive and risk confusing the jury. Further, as Plaintiff points out, Defendants did not seek to submit to the jury Eighth Circuit Model Instruction 13.91, which deals with subsidiary factual questions related to any balancing issues like alleged workplace disharmony. (Docs. 76, 98). *See Shands v. City of Kennett*, 993 F.2d 1337, 1342 (8th Cir. 1993) ("Any underlying factual disputes concerning whether the plaintiff's speech is protected, however, should be submitted to the jury through special interrogatories or special verdict forms.").

Defendants further attempt to argue that no actual evidence of disruption is needed for this Court to find Plaintiff's August 3 email would have been disruptive, because "courts will give 'substantial weight to government employers' reasonable predictions of disruption, even when the speech involved is on a matter of public concern." *Henry v. Johnson*, 950 F.3d 1005, 1012 (8th Cir. 2020) (citing *Waters v. Churchill*, 511 U.S. 661, 673 (1994)). Defendants point to portions of Defendant Rademan Miller's trial testimony wherein she suggests that Plaintiff's August 3 email was political in nature and therefore impaired Plaintiff's ability to appear effective as a nonpartisan staff member in the Missouri House of Representatives. (Doc. 123 at 73-77). This testimony, however, fails to establish how specifically Defendant Rademan Miller believed Plaintiff's August 3 email to be political. While the line between public health and politics can be elusive, Plaintiff's August 3 email makes no specific reference to a political party or public positions taken by any elected official. Plaintiff addressed his August 3 email only to then-President Pro Tem of the Missouri Senate Dave Shatz and then-Speaker of the Missouri House of Representatives Elijah Haahr, people with authority to grant Plaintiff's request for a mask mandate in the Missouri Capitol. No evidence suggests Plaintiff sent the email to anyone beyond those with the authority to implement a mask mandate. Plaintiff did not email local media outlets, indicating Plaintiff's

4

email reflected a genuine concern for public safety rather than an effort to drum up political controversy. Plaintiff's email does not state that his position reflects the views of anyone other than Plaintiff himself. Even assuming *arguendo* Plaintiff's email was political in nature, Defendant Rademan Miller's testimony fails to adequately identify how this would necessarily create "workplace disharmony, [impede] the plaintiff's performance, or [impair] working relationships." *Henry* at 1012 (citations omitted). As Defendant Rademan Miller testified, other employees under her supervision wrote public letters to the editor in support of mask mandates. (Doc. 123 at 75). It remains unclear, and Defendant Rademan Miller's testimony fails to illuminate, how writing a public letter in support of a mask mandate involves less risk of workplace disharmony than sending an email to two individuals in positions of authority asking for a mask mandate to ensure public safety. Publicity inherent in writing a letter to the editor would seem to necessarily involve at least as much risk to workplace harmony as sending an email to two people in positions of power, even if that email comes from a work-related email account. When considered alongside Defendants' express position that the August 3 email played no role in termination and Defendants' failure to seek submission to the jury of the factual question about whether Plaintiff's August 3 email would create disharmony, Defendant Rademan Miller's testimony fails to show the *Pickering/Connick* test applies in this matter. Given Plaintiff's express position that the August 3 email played no role at all in Plaintiff's termination, this Court is simply unable and unwilling to engage in other theories that are plainly mutually exclusive.

Defendants next argue Defendant White cannot be held liable because no evidence suggested Defendant White actually fired Plaintiff. This is incorrect. Defendant White's deposition testimony, offered and accepted as evidence at trial, suggests Defendant White played an active role in the decision to terminate Plaintiff. "So, Dana and I discussed it, and we decided that [failure

5

to turn in an interim work plan] constituted insubordination and we decided to let him go." (Doc. 134-1 at 8). This suggests reasonable jurors could have concluded Defendant White played some active role in the decision to terminate Plaintiff, even if Defendants contend that the decision was solely at the discretion of Defendant Rademan Miller.

Sufficient evidence could lead a reasonable jury to conclude Plaintiff's speech was a substantial or motivating factor in Defendants' decision to terminate Plaintiff. "Whether the protected conduct was a substantial or motivating factor in an employment decision is a question of fact, but the sufficiency of the evidence to create an issue of fact for the jury is solely a question of law." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) (citations omitted). Record evidence shows   regularly received favorable and satisfactory performance reviews. (Doc. 122 at 41-47). The Eighth Circuit has held such evidence may speak to pretext. *Morris* at 1013. Record evidence also shows the decision to terminate Plaintiff was finalized on August 4, 2020, only one day after Plaintiff's August 3 email. "[T]emporal proximity between protected activity and an adverse employment action can constitute evidence the protected activity was a substantial or motivating factor." *Skalsky v. Indep. Sch. Dist. No. 743*, 772 F.3d 1126, 1131 (8th Cir. 2014) (citations omitted).

## II.     Defendants are not entitled to qualified immunity

Discussing qualified immunity, the Supreme Court has held, "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity involves the following two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was

clearly established at the time of the defendant's alleged misconduct." *Mitchell v. Shearrer*, 729 F.3d 1070, 1074 (8th Cir. 2013). A right is clearly established when the "contours of the right [are] sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In other words, "in the light of pre-existing law the unlawfulness must be apparent." *Id.* (citations omitted).

Defendants argue that because there is no precedent stemming from a case that mirrors the facts of the present dispute, Plaintiffs are entitled to qualified immunity. Supreme Court precedent, however, does not contemplate such a strict interpretation. The relevant inquiry is not whether the facts of the present case are "materially similar" to facts of prior cases, but whether the government official had "fair warning" about the unconstitutionality of the action. *Hope v. Pelzer*, 536 U.S. 730, 731 (2002). Defendants further argue that the right in question was not clearly established because it was appropriate to apply the *Pickering/Connick* balancing test. *See Nord v. Walsh Cnty.*, 757 F.3d 734, 740 (8th Cir. 2014) ("If the evidence in the record is sufficient to proceed with the *Pickering/Connick* balancing exercise, this circuit has held that the asserted First Amendment right will rarely be considered clearly established.") (citations omitted). This argument fails, however, for the reasons above describing the inapplicability of the *Pickering/Connick* balancing test to Plaintiff's August 3 email. The right to be free from retaliation based on the exercise of one's First Amendment free speech right is elementary and was clearly established at the time of Plaintiff's termination. *See Rankin v. McPherson*, 483 U.S. 378, 383 (1987) ("It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." (citations omitted)). *See also Rinne v. Camden Cnty.*, 65 F.4th 378 (8th Cir. 2023) ("It was clearly established at the time of the Commission's action that a

government official may not retaliate against a citizen for the exercise of his First Amendment rights.").

### III.     Plaintiff produced evidence to warrant a punitive damages instruction

Punitive damages are not available as a matter of course in cases involving allegations of misconduct against the government. *Thurairajah v. City of Fort Smith, Arkansas*, 3 F.4th 1017, 1026 (8th Cir. 2021). Rather, punitive damages may be available "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Defendants argue that insufficient evidence supported the inclusion of a punitive damages instruction. Plaintiff contends, however, that "retaliation is an inherently intentional act…thus, if a jury finds retaliation, it also possesses the facts to find 'reckless disregard' of Plaintiff's rights." (Doc. 134 at 19). This Court agrees with Plaintiff. The record contains sufficient evidence in the form of testimony from Defendants to allow the jury to evaluate Plaintiff's termination process and make a determination about whether Defendants acted with evil motive or intent or reckless or callous indifference to Plaintiff's First Amendment rights.

### CONCLUSION

For foregoing reasons, Defendants' Renewed Motion for a Judgment as a Matter of Law is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 27, 2022                                    */s/ Douglas Harpool*
                                                                 **DOUGLAS HARPOOL**
                                                                 **United States District Judge**