IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TAD MAYFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-CV-04059-MDH |
| | ) |
| DANA RADEMAN MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. 127). Defendants responded in opposition and Plaintiff replied in turn. Following a two-day trial, a jury returned a verdict in favor of Plaintiff. (Doc. 116). Plaintiff was awarded $14,993.93 in actual damages, $10,000 in punitive damages from Defendant Rademan Miller, and $5,000 in punitive damages from Defendant White. (Doc. 117). Plaintiff seeks fees of $191,376.80 representing 301.4 hours of work from Attorney Kirk Holman and 53.6 hours of work from Attorney Brandon Corl. Plaintiff also seeks $4,474.61 in costs. Parties agree that Plaintiff is the prevailing party for purposes of this Motion. For reasons herein, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.[1]

---

[1] Also before the Court is Plaintiff's Motion to Disclose Information Related to Court-Required Mediation. (Doc. 143). Plaintiff asks this Court to submit an unredacted version of his reply suggestions to his Motion for Attorney's Fees. The portion of the reply suggestions that remains redacted appears to concern details about the parties' positions during mediation. Mediation, however, remains confidential pursuant to this Court's MAP General Order Section VIII. *See also Koester v. Young Men's Christian Ass'n of Greater St. Louis*, No. 4:14CV1772 RLW, 2018 WL 836024, at *1 (E.D. Mo. Feb. 12, 2018) (denying motion to reveal specific information exchanged during mediation). Plaintiff's Motion (Doc. 143) is therefore **DENIED**. Also before this Court is Defendants' Unopposed Motion to Substitute Previous Filing. (Doc. 145). Defendants ask this Court to substitute an updated version of their reply suggestions in opposition to Plaintiff's Motion for Attorney's Fees (Doc. 145-1) for the original version (Doc. 141). The only difference appears to be that Defendants' original version included an unintended reference to confidential communication made during court-ordered mediation. Defendants' Motion to Substitute is **GRANTED** and Doc. 145-1 is hereby substituted for the previous reply suggestions (Doc. 141). This Court considered no confidential mediation statements in formulating the present ruling.

1

**STANDARD**

Under 42 U.S.C. § 1988, attorney's fees are available for prevailing parties in lawsuits brought pursuant to 42 U.S.C. § 1983. "Since some civil-rights violations would yield damages too small to justify the expense of litigation, Congress has authorized attorney's fees for civil-rights plaintiffs." *Hudson v. Michigan*, 547 U.S. 586, 597 (2006). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir.2002). District courts may rely on their own experience and knowledge when determining reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The award of attorneys' fees lies within the sound discretion of the trial court." *Bass v. Sw. Bell Tel., Inc.,* 817 F.2d 44, 46 (8th Cir. 1987).

**ARGUMENT**

**I.      Hours claimed are sufficiently specific to allow for meaningful review**

Plaintiffs' Motion includes an attachment that documents the numbers of hours worked and tasks completed for both Attorney Holman and Attorney Corl. (Docs. 127-3 and 127-4). Defendants argue that several descriptions lack sufficient specificity to allow for meaningful review. This Court disagrees. While the descriptions of tasks to which Defendants object are somewhat vague, they are adequate. For example, several hours of "trial prep" taking place during the days leading up to the beginning of a jury trial is general, but Plaintiff is not required to list with greater specificity particular activities (prepping witnesses, reviewing documents, labeling exhibits, etc.) that comprise trial prep. Though somewhat unclear, Defendants also appear to object to differences in how Attorney Holman and Attorney Corl calculated time invested into the case.

2

Attorney Corl calculates in six-minute increments, while Attorney Holman calculates in ten-minute segments. Therefore, according to Attorney Corl's timesheet, ".1" represents six minutes, while ".1" represents ten minutes for Attorney Holman. Defendants do not argue Plaintiff has miscalculated. Rather, Defendants simply argue that the reporting system is confusing. The differences in the reporting systems may be somewhat counterintuitive, but Defendants do not argue and nothing suggests Plaintiff's calculations are somehow erroneous. Defendants offer no support for the notion that attorneys must calculate hours worked according to the same formula as one another.

## II. Plaintiff's hourly rates are unreasonable for Central Missouri

Plaintiffs seek an hourly rate of $550 for Attorney Holman and $475 for Attorney Corl. In support, Plaintiff states that these rates are appropriate, in particular because of Attorney Holman's twenty-three years of experience in employment discrimination and civil rights cases and Attorney Corl's fourteen years of experience in employment cases. Defendants argue that the rates are unreasonable, particularly in light of the finding of another court from this district, which capped an hourly rate for attorneys at $325.00 in Central Missouri in a campaign finance case decided on summary judgment. *Make Liberty Win v. Ziegler*, No. 20-CV-04128-SRB, 2020 WL 7480773, at *2 (W.D. Mo. Dec. 18, 2020). *See also St. Louis Effort for AIDS v. Lindley-Myers*, No. 13-4246-CV-C-ODS, 2018 WL 1528726, at *4 (W.D. Mo. Mar. 28, 2018) ($390 per hour reasonable for 2018 in Central Missouri); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, No. 2:13-CV-4022-NKL, 2018 WL 5848994, at *6 (W.D. Mo. Nov. 7, 2018) ($450 per hour reasonable for 2018 in Central Missouri). In reply, Plaintiff cites several state-court civil rights cases where higher hourly rates have been found reasonable. In *Kerr v. Missouri Veterans Commission*, another discrimination case brought under the Missouri Human Rights Act, the Circuit Court of Cole

3

County, Missouri found reasonable in 2016 an hourly rate of $500 for an attorney with more than forty years of experience. (Docs. 141-8 and 141-9). In *Qualls v. Missouri House of Representatives, et al.*, another Missouri Human Rights Act case, the Circuit Court of Cole County, Missouri found reasonable in 2021 an hourly rate of $475 for attorneys with approximately fifteen and twenty-five years of experience. (Doc. 141-1). Plaintiff also cites the Missouri Lawyers Media Billing Rates 2022 Survey, which found the statewide median hourly rate to be $425 for partners and $325 for associates. The same survey found Missouri attorneys outside St. Louis and Kansas City earned a median hourly rate of $295, though this figure was based on only thirteen attorneys.

This Court finds an hourly rate of $550 for Attorney Holman and $475 for Attorney Corl to be unreasonable. A more reasonable rate for Attorney Holman, a partner with twenty-three years of experience in employment and civil rights, is $450 per hour and $425 hourly for Attorney Corl, an associate with about fourteen years of employment law experience. This is based largely in prior rulings from other courts in this District. Though the court's decision in *Trinity Lutheran Church* found a rate of $450 reasonable several years ago in 2018, the attorney who received this rate argued the matter in front of the United States Supreme Court, indicating complexity absent from the present matter.

### III. Fee Reduction Unwarranted by Trial Outcome

Defendants argue this Court should reduce the attorney's fees award because of Plaintiff's relative lack of success at trial. Defendants argue that Plaintiff's Rule 26 disclosures "detailed that he was seeking $50,000–$250,000 in pain and suffering, $10,642.81 in lost wages and benefits, $264,238 in future lost wages and benefits, and $1–$2 million in punitive damages, for a range of $1,324,880.81 to $2,524,880.81." (Doc. 145-1 at 10). After trial, however, Plaintiff was awarded

4

$14,993.93 in actual damages, $10,000 in punitive damages from Defendant Rademan Miller, and $5,000 in punitive damages from Defendant White. (Doc. 117). The discrepancy between what Plaintiff sought and what he received, Defendants argue, warrants reducing the award. The Supreme Court has held that, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citations omitted). The Supreme Court has further clarified that if, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. (citations omitted). The Supreme Court, however, has also found that the amount of damages recovered constitutes but one of several factors to consider in awarding attorney fees. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). The Supreme Court has also rejected "the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *Id*. While discrepancy exists between what Plaintiff sought and what he received, this Court agrees with Plaintiff that this case serves as an example of why § 1988 exists, which is "to encourage meritorious claims…because of the benefits of civil rights litigation for the named plaintiff and for society at large." *Blanchard v. Bergeron*, 489 U.S. 87, 87–88 (1989). Further, the adjustment in hourly rate discussed above constitutes an adequate reduction in the overall amount sought by Plaintiff, so to account for any discrepancy between the amount Plaintiff originally sought and the amount actually realized following trial.

**IV.   Plaintiff's request for costs is facially deficient**

Plaintiff's Motion also seeks from this Court an order awarding costs. In his Motion, Plaintiff requests "costs and nontaxable expenses." (Doc. 127 at 8). Plaintiff's reply suggestions seeks "nontaxable expenses." (Doc. 141 at 14). In support of this request, Plaintiff directs the court to

5

Exhibit D (Doc. 127-6), which consists only of various receipts. Plaintiff includes no accounting or Bill of Costs specifically identifying the nature of the expenses for which he seeks compensation. Receipts comprising Exhibit D appear to correspond to some costs specifically identified as taxable under 28 U.S.C. § 1920, as well as other costs that may be recoverable as part of an attorney's fee award, but are not taxable under 28 U.S.C. § 1920. *See Pinkham v. Camex, Inc.,* 84 F.3d 292, 294–95 (8th Cir. 1996) (reasonable out-of-pocket expenses normally charged to clients by attorneys recoverable under attorney's fees award). For example, Exhibit D includes receipts for a video deposition, taxable under 28 U.S.C. § 1920(2), as well as lodging expenses, not taxable under 28 U.S.C. § 1920, but awardable under § 1988. Though unclear, Plaintiff's request and supporting documentation appear to conflate a request for taxable costs under § 1920 and certain reasonable out-of-pocket expenses most appropriately sought under § 1988. To the extent Plaintiff seeks taxable costs under § 1920, Plaintiff has failed to include a Bill of Costs as required by § 1920. Plaintiff also failed to include an affidavit that comports with the demands of 28 U.S.C. § 1924. The receipts included in Exhibit D also lack sufficient information to allow this Court to adequately identify the nature of the costs requested. For example, the lodging receipts fail to identify a date with a year, for whom the lodging was booked, and why the lodging was necessary for litigation.

## CONCLUSION

For foregoing reasons, Plaintiff's Motion for Attorney's Fees is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded $135,750.00 for 301.4 hours of work from Attorney Holman and $22,780.00 for 53.6 hours from Attorney Corl,[2] for a total of $158,530.00. If Plaintiff

---

[2] According to Attorney Holman's billing scheme, .1 hours equates to ten minutes, whereas .1 hours under Attorney Corl's billing scheme equates to six minutes. Therefore, Attorney Holman's 301.4 hours represents 301 hours and

6

seeks further costs under 28 U.S.C. § 1920 or other reasonable out-of-pocket expenses normally charged to clients under § 1988, Plaintiff is **ORDERED** to file a motion to this effect no later than May 5, 2023. Any such motion must comport with 28 U.S.C. §§ 1920, 1924 and include adequate and clear documentation.

**IT IS SO ORDERED.**

Dated: April 27, 2023                                        */s/ Douglas Harpool*
                                                             **DOUGLAS HARPOOL**
                                                             **United States District Judge**

---

forty minutes, whereas Attorney Corl's 53.6 hours represents fifty-three hours and thirty-six minutes. To arrive at the final amount of fees, these amounts were multiplied by the hourly rate of $450 for Attorney Holman and $425 for Attorney Corl.