IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TAD MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-CV-04059-MDH |
| ) | |
| DANA RADEMAN MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's renewed Motion for Expenses and Costs Pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988. Plaintiff previously moved for attorney's fees and costs. This Court granted in part and denied in part Plaintiff's previous motion, awarding $135,750.00 for 301.4 hours of work from Attorney Holman and $22,780.00 for 53.6 hours from Attorney Corl. The Court, however, found that Plaintiff's request for costs to be deficient, lacking clear documentation. This Court, therefore, permitted Plaintiff to submit a subsequent motion for costs under 28 U.S.C. § 1920 or other reasonable out-of-pocket expenses normally charged to clients under § 1988.

Plaintiff's present motion appears to seek a supplement to the prior award of attorney's fees under 42 U.S.C. § 1988 as well as taxable costs under 28 U.S.C. § 1920. Altogether, Plaintiff requests compensation in the total amount of $6,371.77 for court filing fees, process service and other witness fees, deposition recording fees, transcript fees, and hotel costs for trial. Plaintiff's motion, however, fails to delineate which amounts requested correspond to fees under § 1988 and which correspond to costs under § 1920.

1

This failure is not fatal to Plaintiff's request. The text of § 1920 is clear that taxable costs are limited to the specific types of fees and compensation for experts and interpretations identified by the statute.[1] On the other hand, expenses "a law firm normally would bill to its client are more properly characterized as part of an attorney fee award." *Jenkins v. Kansas City Missouri Sch. Dist.,* 525 F.3d 682 (8th Cir. 2008) (citations omitted). Accordingly, Plaintiff's request for court filing fees, fees for electronic or printed transcripts, and process service and other witness fees, falls most appropriately under § 1920. Meanwhile, Plaintiff's request for video editing fees and trial lodging falls most appropriately under § 1988.

Defendants raise several objections. Plaintiff appears to request both stenographic and videographic recordings for the depositions of Defendants Miller and White. Defendants argue, however, § 1920 allows costs only for "printed *or* electronically recorded transcripts" not both. *See Cowden v. BNSF Ry. Co.,* 991 F. Supp. 2d 1084, 1091 (E.D. Mo. 2014) (finding § 1920 precludes recovery for both stenographic and videographic deposition costs but recognizing a lack of binding Eighth Circuit opinion on the matter). Defendants also object to awarding any video editing costs under § 1920. Defendants generally argue that Plaintiff has failed to show any of the sought deposition expenses were specifically necessary for this case.

This Court finds that all expenses, regardless of whether they are most appropriately identified as costs under § 1920 or attorney's fees under § 1988, were reasonably necessary for

---

[1] The text of 28 U.S.C. § 1920 allows costs for the following categories: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Plaintiff's preparation of this case. Lodging during trial was necessary to house out-of-town witnesses, potential witnesses, and counsel. The depositions taken were limited to individuals identified as possible witnesses in Defendants' disclosures, who Plaintiff reasonably believed had personal knowledge of facts underlying the dispute, or both. The fees associated with witness Levi Barnes clearly correspond to a $140 process service fee, $10 advancement of witness check fee, and a $78.61 witness fee, which apparently included $40 for attendance and $38.61 for milage. This appears consistent with the witness fee structure contemplated under 28 U.S.C. § 1821. Further, to the extent that stenographic and videographic transcripts as well as video editing fees are not taxable under § 1920, it is clear such expenses would be appropriate under a § 1988 attorney fee's award. Though, as Defendants argue, Plaintiff's request for taxable costs does not comport with Local Rule 54.1, this is not necessarily fatal to Plaintiff's request, given appropriate documentation and affidavits. See *Hershey v. Jasinski*, No. 20-06088-CV-W-BP, 2022 WL 2103977, at *3 (W.D. Mo. May 12, 2022) (failure to comply with the bill of costs identified in Local Rule 54.1 not fatal to Plaintiff's request).

Accordingly, Plaintiff's renewed Motion for Expenses and Costs Pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988 is **GRANTED**. Plaintiff is awarded an additional $2,519.07 in attorney's fees under 42 U.S.C. § 1988 for lodging and video editing fees, as these are litigation expenses ordinarily passed on to the client. Plaintiff is also awarded taxable costs in the amount of $3,852.70, which corresponds to those specific expenses identified in Plaintiff's Motion for filing fees, electronic and printed transcripts of deposition testimony, and witness fees for Levi Barnes.

3

**IT IS SO ORDERED.**

Dated: July 12, 2023                                         */s/ Douglas Harpool*
                                                             **DOUGLAS HARPOOL**
                                                             **United States District Judge**